# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

MARK A. WARSCO,                          )
                                         )
    Plaintiff,                        )
                                         )
v.                                       )      **CAUSE NO.  1:04-CV-134**
                                         )
ALLIANCE FOODS, INC.,                    )
                                         )
    Defendant.                        )

## OPINION AND ORDER

Before the Court is a stipulation by the parties seeking approval of a proposed protective order. (Docket # 35.)  As the proposed order contains several deficiencies, it will be DENIED.

Federal Rule of Civil Procedure 26(c)(7) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999).  However, the protective order submitted by the parties provides no basis for finding good cause.

First, the order, which extends beyond the discovery phase of the proceedings, is impermissibly broad and vague because it fails to define "Confidential Information", allowing a party to protect any information or documents it "considers" to be confidential. (*See* Confidentiality Agreement and Consent to Protective Order ¶ 1.)  Under *Cincinnati Insurance*, a protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Cincinnati Insurance*, 178 F.3d at 946; *see also MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew*

*Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998). Here, the Court is not satisfied that the parties know what information constitutes protected "Confidential Information". *See Cincinnati Insurance*, 178 F.3d at 946.

Second, the proposed order makes no effort to specify why particular categories of "Confidential Information" are confidential. "[M]erely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke,* IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. March 28, 2003) (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002)).

Finally, the proposed order requires that any document "containing Confidential Information" be filed under seal (Confidentiality Agreement and Consent to Protective Order ¶ 11), rather than incorporating a method to redact solely the confidential material. *See Cincinnati Insurance*, 178 F.3d at 945 ("[A] document that contains trade secrets may also contain material that is not a trade secret, in which case all that would be required to protect a party's interest in trade secrecy would be redaction of portions of the document.").

Indeed, if the Court were to approve this order, both parties would be left with a "virtual carte blanche . . . to seal whatever portions of the record the party wanted to seal." *Id.* at 944. The Seventh Circuit Court of Appeals has repeatedly held that such overly broad protective orders are invalid. *See, e.g., id.* at 945 (noting that a broad protective order granting carte blanche discretion to a party is invalid).

"Obtaining a protective order in an appropriate case need not be a[n] onerous task. But such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003

WL 1702256, at *2.  Of course, the parties may submit a revised protective order consistent with the requirements of Rule 26(c)(7) and Seventh Circuit case law, but what has been submitted thus far is inadequate.

For these reasons, the Court hereby DENIES approval of the proposed stipulated protective order submitted by the parties (Docket # 35).

SO ORDERED.

Enter for this 1st day of February, 2011.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge