UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MARK A. WARSCO, as Liquidating Trustee of DFI Proceeds Trust, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL NO. 1:10cv134 - WCL ) |
| ALLIANCE FOODS, INC., | ) ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court on a motion for judgment on the pleadings filed by the defendant, Alliance Foods, Inc. ("Alliance"), on January 5, 2011. The plaintiff, Mark A. Warsco, as Liquidating Trustee of DFI Proceeds Trust ("Trustee"), filed his response on February 7, 2011, to which Alliance filed a reply on February 24, 2011.

For the following reasons, the motion will be denied.

Discussion

The Trustee has filed a complaint against Alliance alleging breach of contract and fiduciary duty. The Trustee avers that Alliance failed to disclose certain information regarding Alliance's dealing with three other entities and contends this failure to disclose information breached Alliance's duty towards Driggs (the underlying debtor). Alliance asserts that the Trustee has suggested that Alliance committed a violation of the Robinson-Patman Act, 15 U.S.C. § 13, an antitrust statute proscribing price discrimination. Alliance claims that it has been served discovery requests that are wholly-unrelated to the breach of contract and fiduciary duty claims, but instead appears to seek information that would only be relevant to an unpled Robinson-Patman Act claim.

Alliance seeks relief under Rule 12(c), requesting judgment on the pleadings. Alliance argues that a complaint must contain sufficient factual matter to state a claim of relief that is plausible on its face, and that the Trustee has failed to plead a Robinson-Patman Act claim.

The Trustee, not surprisingly, counters with the argument that a requirement for a Rule 12(c) judgment on the pleadings is that the claim the movant seeks to dismiss is actually in the pleadings. "The pleadings include the complaint, the answer, and any written instruments attached as exhibits." N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 452 (7th Cir. 1998). The Trustee argues that Alliance is actually seeking a declaratory judgment that the Trustee has not pled a claim under the Robinson-Patman Act, and that Rule 12(c) does not allow for such declaratory orders. The Trustee also states that future events may justify an amendment to the pleadings, presumably to add a Robinson-Patman Act claim.

This court agrees with the Trustee that the current motion is improper. The court cannot grant judgment on a claim that is not in the pleadings. Although it is very unclear, it appears that Alliance's motion may be based on fears that the Trustee is (or will be) seeking discovery of facts that would plausibly support a Robinson-Patman Act violation, and Alliance wishes to fend off any such discovery. However, if Alliance believes that the Trustee is seeking discovery unrelated to the claims that are actually pled, then Alliance's remedy is to file the proper discovery motions, if it has not already done so.[1] Accordingly, the motion for judgment on the pleadings will be denied.

---

[1] The court is aware that Alliance filed a motion for (stipulated) protective order on January 31, 2011, which order was denied by Magistrate Judge Cosbey on February 2, 2011. However, it does not appear that the motion related to Alliance's present concerns, and was denied due to "several deficiencies" such as being "impermissibly broad and vague". [DE 36]

## Conclusion

On the basis of the foregoing, the motion for judgment on the pleadings [DE 18] is hereby DENIED.

Entered: March 2, 2011.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court